IN THE UNITED STATES DISTRICT

MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

SEP 21 2022

PER _____ IBC
DEPUTY CLERK

William Cramer,
        Plaintiff.

v.

J. Bohinski, et al,
        Defendants.

Civil No. 1:22-CV-583

Magistrate judge martin
C. carlson

## AMENDED COMPLAINT

AND NOW, comes the plaintiff, William Cramer, pro se, and files the herein Amended Complaint, averring as follows:

## 1. INTRODUCTION

1. This complaint is brought pursuant to section 1983 of the Civil Rights Act [42 U.S.C. § 1983] for violations of the Plaintiff's rights under the First and Fourteenth Amendments. Specifically, the plaintiff was

1.

Retaliated against, deprived Due process and Denied access to the courts via law library by the Defendants'.

## II. JURISDICTION

2. The court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §§ 1331(1) and 1343.

## III. PARTIES

3. The plaintiff, william Craner, At all times relevant to this action was a prisoner incarcerated at the state Correctional institute —Dallas ("SCI-Dallas"), where he currently resides.

2.

where he currently resides.

4. Defendant Jason Bohinski is an adult individual with a business address at SCI-Dallas, 1000 Follies Rd, Dallas, PA 18612. He's sued in his individual capacity

5. At all times material hereto, Defendant Jason Bohinski acted under the color of state law in his capacity as the "Deputy Superintendant of Centralized Services" ("DSCS") at SCI-Dallas. He's sued in his individual capacity.

6. Defendant Ricardo Contreras is an adult individual with a business address at SCI-Dallas, 1000 Follies Rd, Dallas, PA 18612. He's sued in his individual capacity

7. At all times material hereto, Defendant Ricardo Contreras acted under the color of state law in his capacity as the "Deputy Superintendant of facility management" ("DSFM") at SCI-Dallas. He's sued in his individual capacity.

3.

8. Defendant Michael Gayne is an adult individual with a business address at SCI-Dallas, 1000 Follies Rd, Dallas, PA. 18612. He's sued in his individual capacity

9. At all times material hereto, Defendant Michael Gayne acted under the color of state law in his capacity as the "major of unit managment" at SCI-Dallas. He's sued in his individual capacity

10. Defendant Wayne Inniss is an adult individual with a business address at SCI-Dallas, 1000 Follies Rd, Dallas, PA. 18612. He's sued in his individual capacity.

11. At all times material hereto, Defendant Wayne Inniss acted under the color of state law in his capacity as the "corrections classification program manager" ("CCPM") at SCI-Dallas. He's sued in his individual capacity

12. Defendant Fransis Depiero is an adult individual with a business address at ~~He's sued in his individual capacity.~~

4.

SCI- Dallas, 1000 follies Rd, Dallas, PA 18612.
He's sued in his indival capacity.

13. At all times material hereto,
Defendant Fransis Depiero acted under the
color of state law in his capacity as
plaintiff's "Unit manager" ("um") at sci-
Dallas.

## IV. FACTUAL ALLEGATIONS

14. On November 9, 2021, the plaintiff
was transferred to sci-Dallas from sci-
Forest.

15. Upon plaintiff's arrival to sci-
Dallas the Defendants initiated a "Plan of
Action" ("P.o.A.") detailing amongst other
things, plaintiff's privileges.

16. On information and belief, Plaintiff's
P.o.A. permitted him access to the courts
via Law Library.

5.

17. On November 19, 2021, the plaintiff followed the established Law Library "Sign up" procedures for his housing unit by submitting a DC-135A inmate request to staff member to his housing unit's officer in charge ("OIC") in an attempt to use the law library to conduct legal research for a motion that he needed to file for his pro se Civil-Rights lawsuit Docketed at 1:19-cv-83.

18. A short while after the plaintiff submitted his DC-135A to his housing unit O.I.C. requesting law library, Lt. O'boyle responded to the plaintiff's request stating "Per PRC, All requested materials need to be written to the library. Copies will be sent to the RHU for you. You will not be charged for these copies".

6.

19. On December 1, 2021, while conducting plaintiff's 30-day RRC Review, the plaintiff asked the Defendants' why the plaintiff was not allowed access to the courts via law library

20. Defendant Inniss spoke up and informed plaintiff that "PRC has decided that you'll never be allowed to use the law library because we know that you like to sue".

21. Plaintiff began to protest at which time Defendant Depiero began laughing stating "You brought this upon yourself with filing lawsuits. We here at SCI-Dallas don't give a fuck about your so-called constitutional rights so, protest all you want."

22. Before vacating the vicinity of plaintiffs cell, Defendant R. Contreras

7.

Stated "Take it on the chin mr. craner and go about your business before we make your life a living hell."

23. Consequently, Plaintiff was unable to conduct his legal research to file the intended motion to re-open discovery for his pro se civil-rights action (1:19-cv-85).

24  On December 06, 2021, the plaintiff wrote Defendant Bohinski a Dc-135A inquiring why he hasn't received law library per the Dc-ADM 007 policy.

25. On December 8, 2021, Defendant Bohinski responded back to plaintiff's Dc-135A asking the plaintiff if he had requested law library.

8.

26. Approximately Five (5) days later, the plaintiff responded back to Defendant Bohinski' stating that plaintiff did request access to the courts via law library and did so in accordance with D.O.C. policy, and that the plaintiff would like to use the law library so that he may properly and adequately prepare for his civil and criminal prosecutions.

27. On December 16, 2021, the plaintiff received Defendant Bohinski's response.

28. Defendant Bohinski informed the plaintiff that he had to request materials through the lieutenant.

9.

29. The plaintiff avers that the alternatives that the Defendants have in place for the plaintiff to access the courts via law library consists of a comprehensive paging system.

30. The plaintiff also avers that such alternative is ineffective, inadequate and is not meaningful due to the fact that plaintiff wouldn't know what material he needed without researching on the law library computer.

31. On December 23, 2021, During PRC Plaintiff attempted to explain to defendant Bohinski that plaintiff had an up-and-coming hearing for Comm of Cambria County v. William Craver case no. 2128-12, where plaintiff had to show cause as to why the courts shouldn't have allowed

10

his PCRA counsel to withdraw.

32. Plaintiff further explained to Defendant Bohinski that he wouldn't be able to properly and adequately show cause without utilizing the law library.

33. Defendant Bohinski told plaintiff to deal with it.

34. Consequently, on or about February 1, 2022, Plaintiff's PCRA counsel was allowed to withdraw.

35. Contrary to the Defendants' assertions, plaintiffs PCRA counsel was allowed to withdraw and his PCRA was dismissed for being filed to late and not on the merits of plaintiff's petition.

N.

36. On April 6, 2022, Defendants Inniss, Contreras, and Depiero made weekly PRC rounds on plaintiff's housing unit.

37. At which time plaintiff requested access to the courts via law library.

38. Defendant Inniss responded to plaintiff's request by stating "what did PRC tell you several months ago mr. Cramer? Your not getting law library because we know you like to sue."

39. On information and belief, the Regional deputy Secretary/designee must approve an alternative to the law library.

40. On information and belief, the Regional deputy Secretary/designee did

12.

not approve the alternative that the defendants put in place for plaintiff to access the courts.

41. The Defendants actions in denying plaintiff access to the courts via law library frustrated and impeded and impaired his ability to prepare, research, and present his defenses, motions, and arguments to the courts.

42. Such actions resulted in plaintiff being unable to raise certain defenses, and arguments and the ability to represent himself in his criminal and civil prosecutions.

V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

43. On December 11, 2021, plaintiff filed inmate grievance # 958652 for

13.

violations of plantiffs 1st and 14th
Amendments against the Defendants.

44. Plaintiff ~~appealed to~~ facility
managers.

45. After the facility manager
denied plaintiff's appeal, plantiff
appealed to final review exhausting
his administrative remedies.

COUNT ONE:
SECTION 1983:
FIRST AMENDMENT Unconstitutional RETALIATION

Plaintiff V. J. Bohinski

46. The averments of paragraphs
1 through 45 are incorporated by reference
as if more fully set forth herein.

14.

47. Plaintiff has/had a First Amendment right to be free from Retaliation.

48. This right was violated when Defendant J. Bohinski deprived plaintiff of access to the courts via law library because of plaintiff's constitutional right that he exercised to file lawsuits.

49. Defendant J. Bohinski caused this violation when he actively Retaliated against plaintiff for exercising his constitutional rights to file lawsuits.

50. This violation of plaintiff First Amendment right was a direct and proximate cause of Defendant Bohinski's unconstitutional conduct.

15.

WHEREFORE, Plaintiff seeks all remedies available under §1983, including but not limited to the following:

a. Compensatory damages in the amount of $ 20,000

b. Punitive damages in the amount of $ 10,000.

c. A trial by Jury

d. Such other relief as this court deems to be appropriate

COUNT TWO:
SECTION 1983:
FIRST AMENDMENT UNCONSTITUTIONAL RETALIATION

Plaintiff V. R. Contreras

51. The averments of paragraphs 1 through 50 are incorporated by reference

16.

as if more fully set forth herein.

52. Plaintiff has/had a First Amendment right to be free from Retaliation.

53. This right was violated when Defendant R. contreras deprived plaintiff of a constitutional right to access the courts via law library.

54. Defendant contreras caused this violation when he actively retaliated against plaintiff for exercising his constitutional right to file law-suits.

55. This violation of plaintiffs First amendment right was a direct cause of Defendants contreras' conduct of depriving plaintiff access to the courts via law library.

17.

WHEREFORE, Plaintiff seeks all remedies available under §1983, including but not limited to the following:

a. compensatory damages in the amount of $20,000

b. Punitive damages in the amount of $10,000

c. A trial by jury

d. Such other relief as this court deems to be appropriate.

COUNT THREE:
SECTION 1983:
FIRST AMENDMENT UNCONSTITUTION RETALIATION

Plaintiff V. M. Gayne, W. Iniss and F. Deprero

56. The averments of paragraphs 1

18.

through 55 are incorporated by reference as if more fully set forth herein:

57. Plaintiff has/had a first amendment right to be free from retaliation.

58. This right was violated when Defendants' Gayne, Inniss and Reprero deprived plaintiff of a constitutional right to access the courts via law library.

59. The Defendants' caused this violation when they actively retaliated against plaintiff for exercising his constitutional right to file lawsuits.

60. This violation of plaintiff's first amendment right was a direct cause of the Defendants depriving

19.

Plaintiff access to the courts via
law library.

WHEREFORE, Plaintiff seeks all
remedies available under §1983,
including but not limited to the following:

a. compensatory damages in the
amount of $20,000. against each
defendant

b. punitive damages in the
amount of $10,000 against each
defendant

c. A trial by jury

d. Such other relief as this
court deems to be proper.

COUNT FOUR:
SECTION 1983: First and
Fourteen AMENDMENT DENIAL OF ACCESS TO
THE COURTS

20.

Plaintiff v. J. Bohmski, R. Contreras, M. Goyne, W. Innes, and F. Depiero

61. The averments of paragraphs 1 through 60 are incorporated by reference as if more fully set forth herein.

62. Plaintiff has/had a 1st and 14th Amendment to access the courts

63. Those rights were violated when the Defendants retaliated against Plaintiff for filing lawsuits by depriving him access to the courts via law library.

64. The Defendants caused those violations when the actively deprived Plaintiff access to the Courts via law library.

21.

65. These violations of Plaintiffs 1st and 14th Amendment rights was a direct and proximate cause of the Defendants unconstitutional retaliation aimed at plaintiff for filing lawsuits.

WHEREFORE, Plaintiff seeks all remedies available under § 1983, including but not limited to the following:

a. compensatory damages in the amount of § 20,000 against each defendant

b. punitive damages in the amount of $ 10,000 against each defendant.

c. A trial by jury.

d. Such other relief as this court deems to be appropriate.

22.

## COUNT FIVE:

## SECTION 1983:

## 14th ~~Amendment~~ ~~DENIAL OF DUE PROCESS~~

Plaintiff V. Bohinski, Contreras, Goyne
Inniss & Depiero

66. The averments of paragraphs 1 through 65 are incorporated by reference as if more fully set forth herein.

67. Plaintiff has/had a constitutional right to Due process.

68. This right was violated when Defendants' retaliated against Plaintiff and ~~Denied~~ him access to the Courts via law library.

69. Defendants' caused this violation when they actively retaliated against plaintiff Denying him access to the Courts via law library because

23.

he exercise his constitutional rights to file lawsuits.

70. This violation of plaintiff's 14th amendment was a direct and proximate cause of the Defendents' conduct of unconstitutional retaliation, Denial of access to the courts, aimed at plaintiff for filing lawsuits.

WHEREFORE, Plaintiff seeks all remedies available under §1983, including but not limited to the following:

a. compensatery damages in the amount of $10,000 against each defendent

b. punitive damages in the amount of $5,000 against each defendent

c. A trial by jury.

24.

d. Such other relief as this court deems to be appropriate.

Respectfully submitted this 1st day of september, 2022.

william croner

## VERIFICATION

Pursuant to 28 U.S.C. §1746, I, william croner, declare and verify, under penalty of purjury under the laws of the united states of America, that I have read the foregoing and that it is true and correct to the best of my belief and knowledge.

Dated this 1st day of september 2022.

william croner

25.

William Cramer #JD7940
Sci-Dallas
1000 Follies Rd
Dallas, PA 18612

September 15, 2022.

Clerk of courts
228 Walnut St
P.o. Box 983
HBG, PA 17108

IN RE: Case No. 1:22-CV-583

   Enclosed is a copy of my Amended complaint (25 pages with 5 pages of exhibits). And, also my 21 page brief in opposition to the defendants motion to dismiss which was mailed to you on Sept 15, 2022, Please take into consideration it takes approximately 3 to 5 days for my institution to process my cash slip to mail my legal mail. So it might arrived after 9/16/22!