IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM CRAMER,** | : | Civil No. 1:22-CV-583 |
| **Plaintiff,** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **J. BOHINSKI, et al.,** | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION**

**I.    Factual Background and Procedural History**

William Cramer, is an inmate currently incarcerated at the State Correctional Institution at Dallas ("SCI Dallas"). On April 22, 2022, Cramer commenced this civil rights lawsuit against various employees of the Pennsylvania Department of Corrections ("DOC"). (Doc. 1). The gist of Cramer's complaint is his allegation that the defendants violated his First Amendment rights by denying him access to the prison law library in retaliation for civil actions filed by the Plaintiff.

In conjunction with his complaint, Mr. Cramer also filed a motion for a temporary restraining order and preliminary injunction (Doc. 11), as well as his own declaration (Doc. 12) and a brief in support (Doc. 13). In these pleadings, Cramer identifies a number of non-party correctional officials and asserts that these prison officials, who are not named as defendants in this action, have retaliated against him

since the filing of his complaint. (Doc. 12 ¶¶ 4-6). Specifically, Cramer claims, among other things, that "[he] was issued fraudulent misconducts and placed on bogus restrictions." (Id. at ¶ 7). Cramer then, in effect, invites us to enjoin prison officials from disciplining him for alleged misconduct and requests that we "order the defendants, their successors, agents, employees, and all persons acting in concert with them to cease their retalitory [sic] conduct[.]" (Doc. 11 at 3).

Thus, Cramer's motion, if granted, would have us enjoin non-parties, and would call upon the court to intervene in disciplinary matters unrelated to the issues in this lawsuit. In effect, if we granted this motion we would be obliged to conduct some sort of proactive merits and motivations assessment of any new disciplinary citations lodged against Cramer for the foreseeable future. Given that Cramer has an extensive disciplinary history this could be a far-reaching undertaking, and one which would intrude into matters of prison safety, security, and disciplinary in a highly intrusive fashion.

This motion is now fully briefed and is, therefore, ripe for resolution. For the reasons set forth below, the motion will be denied without prejudice.

**II.     Discussion**

    **A. Preliminary Injunction: Standard of Review**

Motions for preliminary injunctions are governed by Federal Rule of Civil Procedure 65 and are judged by exacting legal standards. In order to obtain a

preliminary injunction, the moving party must show (1) a substantial likelihood of success on the merits; (2) irreparable injury to the moving party if relief is not granted; (3) that a balance of equities favors the movant's request for injunctive relief; and (4) that a preliminary injunction is in the public interest. Benisek v. Lamone, 138 S. Ct. 1932, 1943-44 (2018) (quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008)). The first two elements are critical, and are set forth in the conjunctive, as the Court of Appeals for the Third Circuit has held that "[a] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." Instant Air Freight, Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989) (quoting In Re Arthur Treacher's Franchisee Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982) (internal quotations omitted)). In this regard, it is well settled that:

> The movant must, as a threshold matter, establish the two "most critical" factors: likelihood of success on the merits and irreparable harm. Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017). Under the first factor, the movant must show that "it can win on the merits." Id. This showing must be "significantly better than negligible but not necessarily more likely than not." Id. The second factor carries a slightly enhanced burden: the movant must establish that it is "more likely than not" to suffer irreparable harm absent the requested relief. Id. Only if these "gateway factors" are satisfied may the court consider the third and fourth factors, which aim to balance the equities by examining the potential for harm to others if relief is granted and whether the public interest favors injunctive relief. Id. at 176, 179. The court must then balance all four factors to determine, in its discretion, whether the circumstances warrant injunctive relief. Id. at 179.

Camacho Lopez v. Lowe, 452 F. Supp. 3d 150, 157 (M.D. Pa. 2020).

In weighing these factors, we are cautioned that: "How strong a claim on the merits is . . . depends on the balance of the harms: the more net harm an injunction can prevent, the weaker the plaintiff's claim on the merits can be while still supporting some preliminary relief." Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017) (citations omitted). Ultimately, with respect to this threshold preliminary injunction showing of a likelihood of success on the merits what is called for is "a reasonable probability of eventual success." Id., n. 3.

Further, a preliminary injunction is "never awarded as of right." Benisek, 138 S. Ct. at 1943. Rather, when considering a motion for a preliminary injunction, we are reminded that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129–130 (2d ed. 1995)). As such, the Third Circuit has long observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937).

Accordingly, for an inmate to sustain his burden of proof that he is entitled to a preliminary injunction under Rule 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998);

Kershner, 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989) (emphasis in original), (quoting Morton v. Beyer, 822 F.2d 364 (3d Cir. 1987)). Further, a request for some form of mandatory proactive injunctive relief in the prison context "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

In addition, to the extent that Cramer seeks to enjoin non-parties in this litigation, he must make a particularly exacting showing. It is clear that "[a] non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting 'in active concert or participation' with the party against whom injunctive relief is sought." Elliott v. Kiesewetter, 98 F.3d 47, 56 (3d Cir. 1996) (citing Fed. R. Civ. P. 65(d)); Robertson v. Samuels, No. 3:13-CV-2500, 2014 WL 347007, at *5 (M.D. Pa. Jan. 30, 2014), aff'd, 593 F. App'x 91 (3d Cir. 2014). See Victor v. Moss, No. 1:20-CV-425, 2021 WL 867582, at *4 (M.D. Pa. Jan. 6, 2021), report and recommendation adopted sub nom. Victor v. Wetzel, No. CV 1:20-425, 2021 WL 527483 (M.D. Pa. Feb. 12, 2021).

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statute. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

§ 3626(a)(1)(A).

With respect to preliminary injunctions sought by inmates, courts are further instructed that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

§ 3626(a)(2).

These principles apply with particular force to motions for preliminary injunction, like the motion filed here by Cramer, which seek to enjoin prison disciplinary proceedings. Such requests are particularly intrusive and disruptive of

prison operations and "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." Goff, 60 F.3d at 520 (3d Cir. 1995). Indeed, such requests, while frequently made by inmate-plaintiffs, are routinely rebuffed by the courts which recognize that prospectively enjoining potential disciplinary proceedings could be highly disruptive of institutional order. Levi v. Holt, 193 F. App'x 172, 173 (3d Cir. 2006); McGee v. Scism, No. 3:CV-10-2463, 2011 WL 13192729, at *1 (M.D. Pa. July 19, 2011), aff'd, 463 F. App'x 61 (3d Cir. 2012).

Finally, our assessment of a motion for preliminary injunction entails a threefold analysis. First, we must draw legal conclusions regarding the viability of the plaintiff's claims. We must then make factual determinations regarding the harms that may result from the grant or denial of the injunction. Finally, we engage in an exercise of sound discretion in deciding whether to issue some extraordinary form of injunctive relief under the applicable law and facts. Each of these determinations, in turn, is subject to a different standard of review on appeal. Thus, "[w]hen reviewing a district court's [resolution] of a preliminary injunction, [the court of appeals] review[s] the court's findings of fact for clear error, its conclusions of law de novo, and the ultimate decision ... for an abuse of discretion." Reilly, 858 F.3d at 176 (quoting Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010)).

## B. <u>This Request for Injunctive Relief Will Be Denied.</u>

Judged against these exacting standards, this motion for preliminary injunctive relief fails for several reasons.

First, Cramer has filed this motion for preliminary relief against individuals who are not named as defendants in the instant action seeking relief which is unrelated to the claims in this case. Specifically, Cramer's motion, if granted, would enjoin all prison staff in the future from issuing disciplinary citations against the plaintiff which he deemed to be retaliatory arising out of any incidents in the future.

Construed in this fashion, Cramer's motion for preliminary injunction runs afoul of the:

> "[G]eneral rule that a court may not enter an injunction against a person who has not been made a party to the case before it." <u>Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.</u>, 96 F.3d 1390, 1394 (Fed. Cir. 1996) (citing <u>Scott v. Donald</u>, 165 U.S. 107, 117, 17 S. Ct. 262, 41 L.Ed. 648 (1897) ("The decree is also objectionable because it enjoins persons not parties to the suit.")). Indeed, courts have refused to issue injunctions against non-parties. See <u>U.S. Commodity Futures Trading Comm'n v. Amaranth Advisors</u>, LLC, 523 F.Supp.2d 328, 334–35 (S.D.N.Y. 2007) (the court denied the defendant's motion for a preliminary injunction against the Federal Energy Regulatory Commission because it was not a party to the suit and it was not an "officer, agent, servant, employee, or attorney" of any party); <u>Williams v. Platt</u>, Civ. No. 03–281–C, 2006 WL 149024 at *2 (W.D. Okla. Jan.18, 2006) (unpublished) (the court denied the plaintiff's motion for an injunction noting that he had "not established a relationship between the preliminary injunction and the underlying civil rights claim, and he seeks to bind non-parties without any suggestion of active concert or participation by the named defendants"). Moreover, once a court has issued an injunction against a party, that injunction may only be enforced against non-parties that are officers, agents, servants,

8

employees, or attorneys of a party, or ones that are in active concert or participation with such non-parties or the party itself. Fed. R. Civ. P. 65(d)(2). To be bound by an injunction, a "non-party must have constructively had his day in court." Harris County, Tex. v. CarMax Auto Superstores Inc., 177 F.3d 306, 314 (5th Cir. 1999) ("the relevant inquiry is ... whether [the non-party] had such a key role in the corporation's participation in the injunction proceedings that it can be fairly said that he has had his day in court in relation to the validity of the injunction.") (citation omitted) (emphasis in original).

Banks v. Good, 2011 WL 2437061 (W.D. Pa. Apr.20, 2011), report and recommendation adopted, 2011 WL 2418699 (W.D. Pa. June 14, 2011). Given the fact that the issues raised in this motion involve persons who are not before this court and potentially entail future disciplinary matters, incidents which bear no direct legal, logical, topical, or temporal relationship to the claims in this case, this motion for preliminary injunction will be denied.

    An appropriate order follows.

                                        /s/ *Martin C. Carlson*
                                        Martin C. Carlson
                                        United States Magistrate Judge

DATED: November 7, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM CRAMER,** | : | Civil No. 1:22-CV-583 |
| **Plaintiff,** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **J. BOHINSKI, et al.,** | : | |
| **Defendants.** | : | |

# **ORDER**

AND NOW this 7th day of November, 2022, for the reasons set forth in the accompanying memorandum Opinion, IT IS ORDERED that the plaintiff's motion for preliminary injunction is DENIED.

/s/ *Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge