IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM CRAMER,** | : | Civil No. 1:22-CV-583 |
| Plaintiff | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| **J. BOHINSKI, et al.,** | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**I. Factual and Procedural Background**

This case comes before us for resolution of a motion to reconsider our July 26, 2023, order denying the plaintiff's motion to compel. (Doc. 80). By way of background the plaintiff, William Cramer, is an inmate in the custody of the Pennsylvania Department of Corrections. In his complaint, Cramer alleges that he has been subjected to acts of unlawful retaliation by prison officials at the State Correctional Institution (SCI) Dallas due to his prior litigation activities.

Cramer also allegedly has a singular, and singularly troubling, status within the Department of Corrections. He is regarded as the most dangerous inmate in state custody, a distinction that Cramer has earned through an institutional history marked by 320 misconduct citations. (Doc. 73-1 ¶ 7). This unrelenting misconduct history is also deeply troubling in one other respect: 63 of Cramer's misconducts have involved assaultive violence, and it is alleged that Cramer has attempted to kill

1

prison staff on at least four occasions. (Id.) Moreover, a number of these staff attacks have entailed a disturbing element of calculation by Cramer who has fashioned and secreted weapons which he has then used to harm correctional and medical staff. (Id.)

It is against this backdrop that Cramer filed a motion to compel which sought, in part, an order compelling prison officials to provide him with the following information concerning third party grievances lodged against the defendants:

> Any and all grievances, complaints or otherwise documents submitted by prisoners at SCI-Dallas concerning retaliation by Defendants Bohinski, Conteras, Goyne, Innis, and Depiero, and memoranda, investigative files or other documents created in response to such complaints since January 1, 2021, until the date of your response.

The defendants objected to this discovery request, and on July 26, 2023, we entered an order denying this motion to compel. (Doc. 75). In that ruling we directly addressed Cramer's request for inmate grievances against these officials, stating as follows:

> With one narrow exception, this request will be denied since:
>
> These are precisely the kinds of sweeping, generalized and overly broad discovery requests judges in the Middle District of Pennsylvania have rejected as being not only overly broad, but unduly infringing upon the privacy interests of other inmates who may have sought to grieve unrelated issues that they had with staff. See, e.g., Montanez v. Tritt, Civ. No. 3:14-CV-1362, 2016 WL 3035310, at *4 (M.D. Pa. May 26, 2016) (denying motion to compel production of incident reports, grievances and other documents involving other inmates where they were found to be "overly broad, irrelevant, confidential, [and to] bear no sufficient connection to this case, and raise obvious privacy and

2

security issues.") (Mariani, J.); Lofton v. Wetzel, Civ. No. 1:12-CV-1133, 2015 WL 5761918, at *2 (M.D. Pa. Sept. 9, 2015) (Conner, C.J.) ("It is apparent that [the plaintiff's] requests for 'any and all' records of inspection, and 'all' incident reports and grievances are a grossly overstated fishing expedition. [His] request for incident reports and grievances regarding other inmates raises obvious privacy and security issues, and the relevance of such information is questionable at best."); Sloan v. Murray, No. 3:11-CV-994, 2013 WL 5551162, at *4 (M.D. Pa. Oct. 8, 2013) (Caputo, J.) (denying motion to compel grievance responses that concerned other inmates, citing DOC policy prohibiting inmates from receiving information about one another); Torres v. Clark, Civ. No. 1:10-CV-1323, 2011 WL 4898168, at *2-3 (M.D. Pa. Oct. 13, 2011) (Caldwell, J.) (denying motion to compel inmate request for discovery of 27-months of grievances about a specific cell block, finding it to be overly broad, burdensome, and potentially implicating privacy interests of other inmates); McDowell v. Litz, Civ. No. 1:CV-08-1453, 2009 WL 2058712, at *3 (M.D. Pa. July 10, 2009) (Rambo, J.) (finding requests for discovery of grievances filed by non-party inmates to be "overbroad and overly burdensome" and agreeing with the defendants' "concerns about accessing private information with respect to other inmates' grievances."); Callaham v. Mataloni, Civ. No. 4:CV-06-1109, 2009 WL 1363368, at *3-4 (M.D. Pa. May 14, 2009) (Jones, J.) (denying motion to compel, inter alia, grievances relating to medical treatment of other inmates, citing privacy concerns); cf. Banks v. Beard, Civ. No. 3:CV-10-1480, 2013 WL 3773837, at *5 (M.D. Pa. July 17, 2013) (Munley, J.) (denying motion to compel account statements for other inmates despite plaintiff's claim of relevance).

Allen v. Eckard, No. 1:17-CV-996, 2019 WL 1099001, at *3 (M.D. Pa. Mar. 8, 2019).

Therefore, to the extent that Cramer seeks wholesale disclosure of any and all inmate retaliation grievances, this motion to compel is denied. However, if a grievance review reveals a *finding* of unlawful retaliation against a prisoner by any of the named defendants during the pertinent time period, that information will be

3

provided to the court for its *in camera* review. We will follow this course recognizing that this narrow class of prison records may contain arguably discoverable factual material. In charting this path, we reconcile the interests of inmate-plaintiff and corrections officials by rejecting broadly framed requests for access to prison records, see Paluch v. Dawson, No. 06–1751, 2007 WL 4375937, *4–5 (M.D. Pa. Dec. 12, 2007), while conducting an *in camera* review of those records which may be relevant to more narrowly tailored discovery demands. Paluch v. Dawson, No. 06–175, 2008 WL 2785638, *3 (M.D. Pa. July 17, 2008). See Torres v. Harris, No. 4:17-CV-1977, 2019 WL 265804, at *5 (M.D. Pa. Jan. 18, 2019).

The defendants later reported that they had no responsive materials involving findings of staff misconduct. (Doc. 79). Dissatisfied with this response Cramer now moves to have us reconsider our prior ruling and grant him wholesale access to what may be otherwise irrelevant and unsubstantiated inmate grievances. (Doc. 80).

For the reasons set forth below, this motion will be DENIED.

**II.    Discussion**

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically, such a motion should only be granted in three, narrowly defined circumstances, where there is either : "(1) [an]

4

intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010). Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).  Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See

<u>Above the Belt, Inc. v. Mel Bohannon Roofing, Inc</u>*,* 99 F.R.D. 99, 101 (E.D. Va. 1983).

 Judged by these standards, Cramer's motion to reconsider will be denied. In this case Cramer cites to no intervening change in this law. Quite the contrary, as we observed in July, a rising tide of case law rebuffs discovery requests like those made here. Therefore, our prior decision is entirely in accord with settled case law. Nor has Cramer provided us with any material new evidence which warrants reconsideration of this prior decision. Finally, we conclude that the balanced and measured approach which we previously followed in our July 26 ruling avoided any manifest injustice to any party. Accordingly, having determined that no grounds exist to reconsider this discovery ruling, Cramer's motion to reconsider, (Doc. 80), will be DENIED.

 An appropriate order follows.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: September 1, 2023

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM CRAMER,** | : | Civil No. 1:22-CV-583 |
| **Plaintiff** | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| **J. BOHINSKI, et al.,** | : | |
| **Defendants.** | : | |

# **ORDER**

AND NOW, this 1st day of September 2023, in accordance with the accompanying Memorandum, IT IS ORDERED that the plaintiff's motion to reconsider our July 26, 2023, order denying the plaintiff's motion to compel (Doc. 80) is DENIED.

                                                 */s/ Martin C. Carlson*
                                                 Martin C. Carlson
                                                 United States Magistrate Judge