IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CRAMER, | : | Civil No. 1:22-CV-583 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Bloom) |
| J. BOHINSKI, et al., | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM OPINION AND ORDER

I.   Statement of Facts and of the Case

This is a *pro se* civil rights action brought by the inmate-plaintiff, William Cramer. Cramer, who is currently incarcerated in the Pennsylvania Department of Corrections at the State Correctional Institution at Dallas, brought this action against correctional staff at SCI Dallas, alleging that his First Amendment rights have been violated by prison staff. (Doc. 37). Specifically, Cramer asserts that he was denied access to the law library in retaliation for filing lawsuits against prison staff. (*Id.*).

Cramer has now filed a motion to compel discovery (Doc. 89), in which he requests that the defendants produce color photographs of the law library in the Restricted Housing Unit ("RHU") at SCI Dallas. For

their part, the defendants object to this request, arguing that inmates are not permitted to possess photographs of the institution for security reasons. (Doc. 91). After consideration, we agree with the defendants, and Cramer's motion to compel will be denied.

II. Discussion

Rule 37 of the Federal Rules of Civil Procedure provides that "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). Generally, the scope of discovery is defined as:

> [A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Resolution of disputes regarding the scope of discovery rest in the discretion of the Court and will not be disturbed absent an abuse of that discretion. *See Sadi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing *Scott Paper Co. v. United States*, 943 F. Supp. 501, 502 (E.D. Pa. 1996)) ("When a magistrate

judge's decision is on a highly discretionary matter, courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard.").

"To determine the scope of discoverable information under Rule 26(b)(1), the Court looks initially to the pleadings," *Trask v. Olin Corp.* 298 F.R.D. 244, 263 (W.D. Pa. 2014), as "[d]iscovery should be tailored to the issues involved in the particular case." *Kresefki v. Panasonic Communications & Systems Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). We begin with the presumption that "all relevant material is discoverable[.]" *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). However, the burden to show that the information sought is relevant falls to the party seeking to compel discovery. *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).

In the instant case, Cramer seeks an order compelling the defendants to produce color photographs of the law library inside of the RHU at SCI Dallas. (Doc. 89). Courts in this circuit have frequently declined to compel the discovery of photographs depicting the inside of correctional institutions, or other sensitive security-related information

3

about the prison, to inmates due to the security concerns posed by an inmate possessing such information prior to trial. *Allen v. Eckard*, 2019 WL 1099001, at *3 (M.D. Pa. Mar. 8, 2019) (denying a motion to compel a floor plan or diagram of a cell block) *Rosa-Diaz v. Harry*, 2018 WL 6322967, at *4 (M.D. Pa. Dec. 4, 2018) (denying a motion to compel photographs of a prison cell); *Sears v. Mooney*, 2018 WL 5841971, at *5 (M.D. Pa. Nov. 8, 2018) (denying a motion to compel photographs of various areas in the prison). We find this to be particularly so in the instant case, where the plaintiff has been regarded by the DOC "as the most dangerous inmate in state custody, a distinction that Cramer has earned through an institutional history marked by 320 misconduct citations." (Doc. 75 at 1) (citing Doc. 73-1 ¶ 7).

Accordingly, to the extent Cramer requests us to compel the production of these photographs prior to trial, this request is denied. However, we will deny this request without prejudice to any request by Cramer to use these photographs at trial, provided that Cramer makes a

showing of how these photographs are relevant to his claims. *Rosa-Diaz*, 2018 WL 6322967, at *4; *Smith v. Donate*, 2011 WL 5593160, at *1 (M.D. Pa. Nov. 17, 2011).

## III. Order

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT the plaintiff's motion to compel (Doc. 89) is DENIED without prejudice to the plaintiff renewing the request to use these photographs prior to trial upon a showing that the photographs are relevant to his claims.

So ordered this 11th day of December 2023.

*s/ Daryl F. Bloom*
Daryl F. Bloom
United States Magistrate Judge